**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

THOMAS E. PEREZ, SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR, :
                                :

          Plaintiff,                :

                                :

          v.                    :        Civil Action No.

                                :

RUBINS COMPANY MJ, INC. d/b/a Rubins :
Company MJ, and Angelica Silvina Correa, :
individually and as the sole owner of RUBINS :
COMPANY MJ, INC. and Edmundo Rubins, :
individually.                            :

                                :

          Defendants.           :

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Rubins Company MJ, Inc., Angelica Silvina Correa, individually and as sole owner of Rubins Company MJ, Inc., and Edmundo Rubins individually (collectively, "Defendants") in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216, 217 and by 28 U.S.C. §§ 1331 and 1345.

II.

Rubins Company MJ, Inc., d/b/a Rubins Company MJ is and, at all times hereinafter referenced, has been incorporated in the state of Virginia since 2010 under the ownership of Angelica Silvina Correa. Rubins Company MJ cleans office buildings and residential apartments following their construction and renovation, and employs about forty employees on average. It is located at 1129 Artic Quill Road, Herndon, Virginia 20170, which is within the jurisdiction and venue of this Court.

III.

Defendant Angelica Silvina Correa is and, at all times hereinafter referenced, was the sole owner of Rubins Company MJ, Inc., which is within the jurisdiction of this Court. Defendant Correa has directed the work of the employees, hired employees, and determined their rates of pay. Defendant Correa has acted directly in the interest of Rubins Company MJ, Inc., in relation to her employees. Accordingly, Defendant Correa is an employer under Section 3(d) of the Act, 29 U.S.C. 203(d).

IV.

Defendant Edmundo Rubins has directed the work of the employees, hired employees, and determined their rates of pay. Defendant Rubins has acted directly in the interest of Rubins Company MJ, Inc., in relation to its employees. Accordingly, Defendant Rubins is an employer under Section 3(d) of the Act, 29 U.S.C. 203(d).

V.

The business activities of the corporate Defendant, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act. These

activities constituted (and/or were related to) running a company engaged in office and apartment cleaning in furtherance of the business purposes of corporate Defendant's unified business entity.

VI.

During the period from January 6, 2014, the corporate Defendant had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; had an annual gross volume sales made or business done of not less than $500,000; and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, thereby affording coverage over all of the corporate Defendant's employees during that period. Defendant's employees handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

VII.

The Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by failing to pay certain employees for their employment in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce at wage rates not less than $7.25 an hour during the period since January 6, 2014. The Defendants paid employees a set amount for each apartment cleaned at a rate that frequently did not pay these employees the minimum wage of at least $7.25 per hour.

VIII.

The Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by failing to pay certain employees for their employment in commerce or in the production of goods for

commerce or in an enterprise engaged in commerce or in the production of goods for commerce, at one and one-half times their regular rate of pay for hours worked over forty in a week during the period since January 6, 2014. The Defendants paid employees a fixed hourly wage for all hours worked including those in excess of forty during a week.

IX.

During the period since January 6, 2014, Defendants have repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of many of their employees of the wages, hours and other conditions of their employment, as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

X.

During the period since January 6, 2014, Defendants have repeatedly violated the provisions of the Act as alleged in paragraphs VII through IX above. A judgment permanently enjoining and restraining the violations herein alleged (including the restraining of withholding of minimum wages and overtime) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XI.

As a result of the violations alleged in paragraphs VII through IX above, amounts are owing for hours worked that were paid at rates less than the rates set forth in Sections 6 and 7 of the Act for certain present and former employees, including the persons specifically named in Schedule A attached to Plaintiff's Complaint.

XII.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from prospectively violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

Plaintiff further demands judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees, and for liquidated damages equal in amount to the unpaid compensation found due certain present and former employees listed in the attached Schedule A. Additional back wages and liquidated damages may also be owed to certain present and former employees listed in the attached Schedule A for violations continuing throughout the time period since January 6, 2014. Additional back wages and liquidated damages also may be owed to certain present and former employees presently unknown to Plaintiff for the period covered by this Complaint.

In the event that back wages and damages are not awarded pursuant to Section 16 of the Act, the Plaintiff demands pursuant to Section 17 of the Act an order enjoining and restraining the Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with the Defendants, from withholding payment of unpaid back wages found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and any further relief as may be necessary and appropriate.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor


/s/ J. Matthew McCracken
BY: J. Matthew McCracken
Attorney, VSB # 31475
U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South, Suite 501
Arlington, VA  22202
(202) 693-9376
mccracken.john.m@dol.gov
DEPARTMENT OF LABOR


Attorneys for the Petitioner