IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAR 1 2 2018

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> *Secretary of Labor, United States* <br> *Department of Labor* <br><br> Plaintiff, <br><br> v. <br><br> RUBINS COMPANY MJ, INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 1:17cv0032 (LO/JFA)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on a motion for default judgment filed by plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("plaintiff" or the "Secretary")[1] against defendants Angelica Silvina Correa, individually and as the sole owner of Rubins Company MJ, Inc.; and Edmundo Rubins, individually (collectively "defendants").[2] (Docket no. 15). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On January 6, 2017, plaintiff filed this action against defendants alleging violations of the Fair Labor Standards Act ("FLSA"). (Docket no. 1). On September 26, 2017, plaintiff notified the Clerk of Court that he had served the individual defendants on February 21, 2017, but was

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary Acosta has been substituted as a party for former Secretary of Labor Thomas E. Perez.

[2] As plaintiff notes in his memorandum, default judgment is not being sought against corporate defendant Rubins Company MJ, Inc. because plaintiff was unable to serve this defendant with a summons and a copy of the complaint. The claims against Rubins Company MJ, Inc. were dismissed on March 8, 2018. (Docket no. 23).

unable to serve the corporate defendant. (Docket nos. 5, 7–9, 11). On September 27, 2017, plaintiff filed a request for entry of default against defendants (Docket no. 6), which the Clerk of Court entered on September 28, 2017 as to Angelica Silvina Correa and Edmundo Rubins for failure to plead or otherwise defend (Docket no. 10). On January 3, 2018, the court ordered plaintiff to promptly file a motion for default judgment, an accompanying memorandum in support, and a notice setting the hearing for February 9, 2018 at 10:00 a.m. (Docket no. 13). On January 31, 2018, plaintiff filed this motion for default judgment and noticed the hearing for March 2, 2018 at 10:00 a.m. (Docket nos. 15–17). Plaintiff served his motion for default judgment and exhibits, memorandum in support, proposed order of default judgment, and notice of hearing on defendants on January 31, 2018. (Docket no. 18). The courthouse was closed on March 2, 2018 due to inclement weather, and the hearing was rescheduled for March 9, 2018 at 10:00 a.m. (Docket no. 22). Defendants were mailed a copy of the court's order rescheduling the hearing. At the hearing on March 9, 2018, counsel for the plaintiff appeared, but no one appeared on behalf of defendants.

## Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl."), plaintiff's motion for default judgment (Docket no. 15), and the memorandum in support of plaintiff's motion for default judgment (Docket no. 17). Rubins Company MJ, Inc. d/b/a Rubins Company MJ was incorporated in Virginia in 2010 under the ownership of defendant Angelica Silvina Correa. (Compl. ¶ II). Rubins Company MJ, Inc. cleaned office buildings and residential apartments following their construction and renovation, and employed about forty employees on average. (Compl. ¶ II). Defendant Angelica Silvina Correa was the sole owner of Rubins Company MJ, Inc. and directed the work of the employees, hired employees, and

2

determined their rates of pay. (Compl. ¶ III). Defendant Edmundo Rubins also directed the work of the employees, hired employees, and determined their rates of pay. (Compl. ¶ IV). From January 6, 2014 to January 5, 2016, defendants failed to keep accurate records of many of their employees' wages, failed to pay 15 of 38 employees at wage rates not less than $7.25 an hour, and failed to pay all 38 employees at one and one-half times their regular rate of pay for hours worked over forty in a week. (Compl. ¶¶ VII–IX; Docket no. 17 at 5–6).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against the action, the Clerk of Court has entered a default as to Angelica Silvina Correa and Edmundo Rubins. (Docket no. 10).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Similarly, 28 U.S.C. § 1337(a) provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The FLSA itself also states that any action to recover unpaid minimum or overtime wages may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Additionally, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

This court also has personal jurisdiction over the defendants. As stated in the complaint and clarified in plaintiff's motion, defendants Angelica Silvina Correa and Edmundo Rubins are residents of Herndon, Virginia. (Compl. ¶ II; Docket no. 17 at 4). Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district. (Compl. ¶ II).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the defendants, and that venue is proper in this court.

4

## Service

Pursuant to Fed. R. Civ. P. 4(e)(2), an individual within a judicial district of the United States may be served by delivering a copy of the summons and complaint to the individual personally. On January 9, 2017, summonses were issued for service on Rubins Company MJ, Inc.; Angelica Silvina Correa; and Edmundo Rubins at 1129 Artic Quill Road, Herndon, Virginia 20170. (Docket no. 2). The return of service filed September 27, 2017 indicates that a private process server left the summons and complaint with the individual defendants' son, Favian Rubins, on February 21, 2017 at their residence at 1129 Artic Quill Road, Herndon, Virginia 20170, noting that they would be out of town until March 2 or 3, 2017. (Docket nos. 7, 8, 17 at 4). Based on the foregoing, the undersigned recommends a finding that defendants Angelica Silvina Correa and Edmundo Rubins were properly served with the summons and complaint.

## Grounds for Entry of Default

On September 28, 2017, the Clerk of Court entered default against defendants Angelica Silvina Correa and Edmundo Rubins for failure to plead or otherwise defend. (Docket no. 10). On January 31, 2018, plaintiff filed this motion for default judgment and noticed a hearing for March 2, 2018. (Docket nos. 15, 16). These pleadings were sent to defendants on January 31, 2018. (Docket no. 18). The court rescheduled the hearing to March 9, 2018 and mailed a copy of the order to defendants. (Docket no. 22). No opposition has been filed by defendants and no one appeared on behalf of defendants at the rescheduled hearing on March 9, 2018. Therefore, the undersigned magistrate judge recommends a finding that defendants Angelica Silvina Correa and Edmundo Rubins were properly served, that they failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to Angelica Silvina Correa and Edmundo Rubins.

5

## Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

Plaintiff has established that defendants violated Sections 6, 7, and 11(c) of the FLSA. (Compl. VII–IX). Pursuant to 29 U.S.C. § 216(c), "[t]he Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages." The Secretary has identified and itemized defendants' violations of FLSA's minimum wage and overtime provisions from January 6, 2014 to January 5, 2016, as sworn by Wage and Hour Investigator Lucia Cruz ("WHI Cruz"). (Docket no. 15-1).

### Sections 6 and 7 of the FLSA

To establish a violation of the FLSA for non-payment of the minimum wage under 29 U.S.C. § 206, plaintiff must show that: (1) the employees were employed by the defendant; (2) the employees were engaged in commerce or in the production of goods for commerce; (3) the employees were not compensated for all hours worked during each work week at a rate equal to or greater than the then-applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to the employees' position. *See* 29 U.S.C. § 206.

To establish a violation of the FLSA for non-payment of overtime hours, plaintiff must show that: (1) the employees were employed by the defendant; (2) the employees were engaged in commerce or in the production of goods for commerce; (3) the employees worked over forty hours per work week; (4) the employees were not compensated at a rate of 1.5 times their regular

6

rate for each hour worked in excess of forty hours for each work week; and (5) none of the

exemptions in 29 U.S.C. § 213 applied to the employees' position. *See* 29 U.S.C. § 207.

Plaintiff's complaint establishes the elements of violations of the minimum wage and

non-payment of overtime hours provisions of the FLSA. First, at all relevant times during this

action, the 38 individuals listed in Schedule A to the complaint were employed by defendants,

who are considered "employers" within the meaning of 29 U.S.C. § 203(d). (Compl. ¶¶ III–IV,

XII; Docket no. 1-1). Second, defendants had these 38 employees engaged in commerce within

the meaning of 29 U.S.C. § 203(s)(1)(A). (Compl. ¶ VI). Third, as explained in more detail

below, all 38 employees worked over forty hours per work week, and 15 of those same 38

employees were not compensated for all hours worked during each work week at a rate equal to

or greater than the then-applicable minimum wage. (Docket no. 17 at 6 n.3). Fourth, all 38

employees were not compensated at a rate of 1.5 times their regular rate for each hour worked in

excess of forty hours for each work week. (Docket no. 17 at 5–6). Fifth, no evidence has been

produced to show that any of the exceptions listed in 29 U.S.C. § 213 apply to the 38 employees

and they appear to be covered employees entitled to the protections of the FLSA. *See Darveau

v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving

that a particular employee's job falls within such an exception."). Accordingly, plaintiff has

established violations of the FLSA for non-payment of the minimum wage and non-payment of

overtime hours.

Section 11(c) of the FLSA

To establish a violation of the FLSA for failure to make, keep, and preserve records

under 29 U.S.C. § 211(c), plaintiff must show that: (1) defendants are "employers" under the

FLSA; (2) the employees were employed by defendants; and (3) defendants failed to preserve

7

records of their employees regarding "wages, hours, and other conditions and practices of employment." *See* 29 U.S.C. § 211(c).

Plaintiff's complaint establishes the elements of a violation of the record-keeping provision of the FLSA. First, plaintiff's complaint establishes that defendants were employers under Section 3(d) of the FLSA, as they both acted directly in the interest of Rubins Company MJ, Inc. in relation to their employees. (Compl. ¶¶ III–IV); *see* 29 U.S.C. 203(d). Second, the 38 individuals listed in Schedule A to the complaint were employed by defendants. (Compl. ¶¶ VI, XII; Docket no. 1-1). Third, the complaint establishes that defendants failed to make, keep, and preserve adequate and accurate records of many of their employees' wages, hours, and other conditions of their employment. (Compl. IX). Among other things, defendants misclassified employees as independent contracts and did not keep a record of all hours that employees worked. (Docket no. 15-1 ¶ 3(l)). Accordingly, plaintiff has established a violation of the FLSA for failure to make, keep, and preserve records.

## Back Wages

Plaintiff seeks a total of $10,763.17 in back wages based on defendants' failure to pay certain employees the prevailing minimum wage of $7.25 per hour. (Docket no. 17 at 5). Through a series of interviews and by reviewing timesheets and payroll records provided by Rubins Company MJ, Inc., WHI Cruz calculated the amount of back wages to employees who were not paid the federal minimum wage. (Docket no. 15-1 ¶ 3(i)). Defendants paid their employees a fixed amount of $18.00 for each apartment cleaned regardless of the amount of time it took to clean the apartment, frequently resulting in employees not receiving the minimum wage of $7.25 per hour. (Docket no. 15-1 ¶ 3(g)). Based on the calculations performed by WHI Cruz, 15 employees are owed a total of $10,763.17 in back wages because they were not paid the

8

minimum wage of $7.25.  (Docket no. 15-1 ¶ 3(i)).  Plaintiff also seeks $69,327.34 in back

wages based on defendants' failure to pay the premium overtime rate of 1.5 times their

employees' regular rate of pay for hours worked over 40 in a workweek.  (Docket no. 17 at 5–6).

WHI Cruz identified and itemized defendants' violations of FLSA's minimum wage and

overtime provisions from January 6, 2014 to January 5, 2016 (Docket no. 15-1 at 6–13),

establishing a total of $80,090.51 ($10,763.17 + $69,327.34) in back wages.  (Docket nos. 15-1 ¶

3(k), 17 at 6).  Accordingly, the undersigned recommends an award of back wages in the total

amount of $80,090.51.

**Liquidated Damages**

In FLSA cases, employees are routinely awarded liquidated damages equal to the amount

of unpaid wages. *See* 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118

(4th Cir. 1985).  However, an employer can avoid the imposition of liquidated damages upon a

showing "that the act or omission giving rise to [the] action was in good faith and that he had

reasonable grounds for believing that his act or omission was not a violation" of the FLSA.  29

U.S.C. § 260.  In this case, the employers have failed to appear and present any defense to

plaintiff's claim of a violation of the FLSA.  (Compl. ¶¶ VII–IX).  Accordingly, an award of

liquidated damages equal to the amount of unpaid wages is appropriate.

Plaintiff seeks liquidated damages in an amount equal to the amount of back wages owed

to employees, totaling $80,090.51.  (Docket no. 17 at 6).  WHI Cruz identified and itemized

defendants' violations of FLSA's minimum wage and overtime provisions from January 6, 2014

to January 5, 2016 (Docket no. 15-1 at 6–13), establishing a total of $80,090.51 in back wages.

(Docket nos. 15-1 ¶ 3k, 17 at 6).  Accordingly, the undersigned recommends an award of

liquidated damages in the total amount of $80,090.51, for a total of $160,181.02 in back wages and liquidated damages.

**Post-Judgment Interest**

In the motion for default judgment, plaintiff seeks "interest" on the total judgment of $160,181.02, which the undersigned understands to mean "post-judgment interest."[3] (Docket no. 15 at 1). "[F]ederal law mandates the awarding of post-judgment interest" on any money judgment obtained in a civil case. *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1031 (4th Cir. 1993) (citing 28 U.S.C. § 1961). Accordingly, the undersigned magistrate judge recommends a finding that interest subsequent to the date of judgment should be paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961.

**Injunctive Relief**

The Secretary also seeks an injunction permanently enjoining and restraining defendants, as well as defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating 29 U.S.C. §§ 206, 207, and 211(c) of the FLSA. (Docket no. 17 at 6). Under the FLSA, the Secretary may obtain an injunction restraining an employer "for cause shown . . . [from] any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter." 29 U.S.C. § 217; *see also Chao v. Virginia Dept. of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002). Moreover, "[w]here the Secretary has established violations of the Act, the district court should ordinarily grant injunctive relief, even if the

---

[3] "[T]he Supreme Court has 'held that FLSA's liquidated damages were provided in lieu of calculating the costs of delay—which is the function of prejudgment interest—and therefore that a claimant could not recover both prejudgment interest and liquidated damages.'" *Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 527 (E.D. Va. 2011) (quoting *Hamilton v. 1st Source Bank*, 895 F.2d 159, 166 (4th Cir. 1990)). Because plaintiff requests liquidated damages in this action, the undersigned did not consider plaintiff's request for "interest" as a request for pre-judgment interest.

10

employer is in present compliance, unless the district court is soundly convinced that there is no reasonable probability of a recurrence of the violations." *Hugler v. Dominion Granite & Marble LLC*, No. 1:17-cv-229-JCC-IDD, 2017 WL 2671300, at *2 (E.D. Va. June 21, 2017) (citing *Marshall v. Van Matre*, 634 F.2d 1115, 1118 (8th Cir. 1980)).

 The undersigned has recommended a finding that plaintiff has established that defendants withheld the payment of minimum wages and overtime compensation, and failed to make, keep, and preserve records under the FLSA. Accordingly, the undersigned also recommends an injunction permanently enjoining and restraining defendants, as well as defendants' officers, agents, servants, employees, and those persons in active concert or participation with defendants who receive actual notice of any such judgment, from violating 29 U.S.C. §§ 206, 207, and 211(c) of the FLSA.

**Conclusion**

 For these reasons, the undersigned recommends that a default judgment be entered in favor of plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor and against defendants Angelica Silvina Correa and Edmundo Rubins (collectively, "defendants") jointly and severally in the total amount of $160,181.02, comprising $80,090.51 in back wages and an additional $80,090.51 in liquidates damages, plus post-judgment interest at the rate set pursuant to 28 U.S.C. § 1961. The undersigned further recommends that the provisions of the judgment should be deemed satisfied when defendants deliver to plaintiff's representatives a total of $160,181.02 plus interest by certified or cashier check made payable to "Wage and Hour Division – Labor" with Case No. 1778603 noted and mailed to: U.S. Department of Labor/Wage & Hour Division, The Curtis Center, Suite 850, West, 170 S. Independence Mall West, Philadelphia, Pennsylvania 19106-3317. The undersigned further

11

recommends that plaintiff be directed, after making legal deductions, to distribute the proceeds of the check to the employees involved as reflected in Schedule A (Docket no. 15-3), or to their estates if that is necessary, and any sums not distributed to the employees named herein or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, to be deposited with the Treasurer of the United States pursuant to 28 U.S.C. §§ 2041 and 2042. The undersigned further recommends that it be ordered that neither defendants nor anyone acting on their behalf or within their control shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages or interest on such back wages under this judgment.

The undersigned further recommends an order that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be permanently enjoined and restrained from withholding the payment of back wages to the individuals listed in Schedule A (Docket no. 15-3). The undersigned further recommends an order that defendants, their agents, servants, and all persons acting or claiming to act on their behalf and interest be permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the FLSA, in any manner, specifically:

1.  Defendants shall not, contrary to Section 6 of the FLSA, pay to any of their employees at any business location owned, operated, and/or controlled by defendants, and at any other business location at which their employees perform work, who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the FLSA.

12

2.  Defendants shall not, contrary to Section 7 of the FLSA, employ any of their employees at any business location owned, operated, and/or controlled by defendants, and at any other business location at which their employees perform work in any workweek in which they are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the FLSA, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.  Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them at any business location owned, operated, and/or controlled by defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the FLSA and found at 29 C.F.R. Part 516.

**Notice**

By means of the court's electronic filing system and by mailing a copy of this proposed

findings of fact and recommendations to defendants Angelica Silvina Correa and Edmundo

Rubins at 1129 Artic Quill Road, Herndon, Virginia 20170, the parties are notified that

objections to this proposed findings of fact and recommendations must be filed within fourteen

(14) days of service of this proposed findings of fact and recommendations and a failure to file

timely objections waives appellate review of the substance of the proposed findings of fact and

recommendations and waives appellate review of any judgment or decision based on this

proposed findings of fact and recommendations.

ENTERED this 12th day of March, 2018.

                                                 /s/
                                       John F. Anderson
                                       United States Magistrate Judge

                                       John F. Anderson
                                       United States Magistrate Judge

Alexandria, Virginia