IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF <br> LABOR, <br><br> *Plaintiff*, <br><br> v. <br><br> RUBINS COMPANY MJ, INC., ET AL., <br><br> *Defendants*. | Case No. 1:17-cv-00032-LO-JFA |

## ORDER

This matter comes before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge John F. Anderson dated March 12, 2018. Dkt. 11. Defendants did not object to the R&R. The Court has reviewed the Complaint, Plaintiff's Motion for Default Judgment (Dkt. 15), and Plaintiff's memorandum of law in support of that motion (Dkt. 17) and **ADOPTS** the findings and recommendation of Judge Anderson.

Accordingly, for the reasons cited by Judge Anderson and for good cause shown, Plaintiff's Motion for Default Judgment is **GRANTED**.

The Court finds that between January 6, 2014 through January 5, 2016, Defendants Angelica Silvina Correa and Edmundo Rubins continually violated the provisions of Sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) (hereinafter referred to as "the Act"), and the regulations found in Title 29, Chapter VI, Code of Federal Regulations, Part 516. Defendants violated Section 6 of the Act by paying employees wages at rates less than that required by Section 6 of the Act. Defendants also violated Section 7

of the Act by failing to compensate employees for work performed in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were employed from January 6, 2014 through January 5, 2016. Finally, Defendants violated Section 11(c) of the Act, 29 U.S.C. § 211(c), by failing to make, keep, and preserve adequate and accurate records of employees' wages, hours and other conditions of their employment, as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516.

Therefore, it is ORDERED, ADJUDGED, and DECREED that back wage compensation is due to certain employees for the period from work week ending January 6, 2014 through January 5, 2016 in the amounts shown in Schedule A (Dkt. 15-3).

It is further ORDERED, ADJUDGED, and DECREED that Defendants Angelica Silvina Correa and Edmundo Rubins are liable jointly and severally for the payment of back wage compensation under Section 16(c) of the Act in the total amount of $160,181.02, comprising $80,090.51 in back wages and $80,090.51 in liquidated damages, plus post-judgment interest at the rate set pursuant to 28 U.S.C. § 1961. The provisions of this Judgment will be deemed satisfied when Defendants deliver to Plaintiff's representatives a total of $160,181.02 plus interest by certified or cashier check made payable to "Wage and Hour Division – Labor" with Case No. 1778603 noted and mailed to: U.S. Department of Labor/Wage & Hour Division, The Curtis Center, Suite 850, West, 170 S. Independence Mall West, Philadelphia, Pennsylvania 19106-3317. Plaintiff, after making legal deductions, shall distribute the proceeds of the check to the employees involved as reflected in Schedule A (Dkt. 15-3), or to their estates if necessary. Any sums not distributed to the employees named herein or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept

such sums shall be deposited with the Treasurer of the United States pursuant to 28 U.S.C. §§ 2041 and 2042. Neither Defendants nor anyone acting on their behalf or within their control shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages or interest on such back wages under this Judgment.

It is further ORDERED, ADJUDGED, and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest are permanently enjoined and restrained from withholding the payment of back wages to the individuals listed in Schedule A (Dkt. 15-3).

It is further ORDERED, ADJUDGED, and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest are permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

1. Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees at any business location owned, operated, and/or controlled by defendants, and at any other business location at which their employees perform work, who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees at any business location owned, operated, and/or controlled by defendants, and at any other business location at which their employees perform work in any workweek in which they are engaged in commerce or in the production of goods for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them at any business location owned, operated, and/or controlled by defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

The Clerk of Court is directed to enter judgment pursuant to FED. R. CIV. P. 55 on all counts of the complaint in favor of Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, and against Defendants Angelica Silvina Correa and Edmundo Rubins jointly and severally in the total amount of $160,181.02 plus post-judgment interest at the rate set pursuant to 28 U.S.C. § 1961.

It is so **ORDERED**.

April 5, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge